# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Paducah Division

| | |
|---|---|
| Martha M. Cavanah<br>    *Plaintiff*<br><br>v.<br><br>Cavalry SPV I, LLC<br>    *Defendant*<br>Serve:<br>    The Corporation Trust Co.<br>    Corporation Trust Center<br>    1209 Orange Street<br>    Wilmington, DE 19801 | Case No. 5:14CV-39-R |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2. Like many of her fellow citizens, Plaintiff Martha Cavanah has struggled financially in the wake of the worst economic crisis to hit this country and the world since the Great Depression following the 1929 stock market crash. As result of her struggles, Ms. Cavanah unfortunately defaulted on some of her debts. Defendant Cavalry SPV I, LLC ("Cavalry") purchased one of these debts from the original creditors for pennies on the dollar.

3. Cavalry sent or caused to be sent dunning letters to Ms. Cavanah that attempted to collect the full amount of the debts that it purchased plus accrued usurious interest to which it had no legal right to accrue and collect on either debt. These and other acts violates the FDCPA.

### JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

5. Plaintiff Martha Cavanah is a natural person who resides in Christian County, Ky. Ms. Cavanah is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6. Defendant, Cavalry Portfolio Services, LLC, is a foreign limited liability company, which has not registered with the Kentucky Secretary of State. Cavalry is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. Cavalry's principal place of business is 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

7. Cavalry regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

8. On June 28, 2013, Cavalry filed suit against Ms. Cavanah in Christian Circuit Court to collect a charged-off credit card debt originated by Bank of America.

9. Paragraph 2 of Cavalry's complaint alleged that Ms. Cavanah was "indebted to [Cavalry] in the amount of $7,185.03; plus accrued interest of $5,774.47 as of June 12, 2013. (A copy of Cavalry's complaint is attached as Exhibit "A").

10. Ms. Cavanah served discovery requests on Cavalry in connection with the state-court debt-collection suit.

11. Cavalry responses to Ms. Cavanah's First Set of Interrogatories as follows:

**Interrogatory No. 12:**

Please state the date that you became the owner of the Account.

**Answer:** Please see the attached bill of sale.

**Interrogatory No. 13:**

Please state the date that the original creditor, Bank of America/F.I.A. Card Services, N.A., charged off the Account.

**Answer:** The account was charged off by the original creditor on September 30, 2009.

**Interrogatory No. 14:**

Please state the date of the last payment on the Account.

**Answer:** The last payment was posted to the account on or about March 13, 2009.

**Interrogatory No. 18:**

Paragraph 2 of the Complaint alleges that Defendant is indebted to you in the principal amount of $7,185.03 plus accrued interest in the amount of $5,774.47 as of June 12, 2013. Please explain in detail how the accrued interest of $5,774.47 was calculated. Please state the interest

**Interrogatory No. 18:**

Paragraph 2 of the Complaint alleges that Defendant is indebted to you in the principal amount of $7,185.03 plus accrued interest in the amount of $5,774.47 as of June 12, 2013. Please explain in detail how the accrued interest of $5,774.47 was calculated. Please state the interest

**Interrogatory No. 15:**

Please state the date that Bank of America/F.I.A. Card Services, N.A. sold the Account or otherwise transferred the Account.

**Answer:** Please see the attached bill of sale.

**Interrogatory No. 16:**

Please state the amount due on the Account on the date that Bank of America/F.I.A. Card Services, N.A. sold the Account.

**Answer:** The account was charged off with a balance of $7,185.03.

**Interrogatory No. 17:**

Please state the amount due on the Account on the date that you were assigned the Account.

**Answer:** The account was charged off with a balance of $7,185.03.

**Interrogatory No. 18:**

Paragraph 2 of the Complaint alleges that Defendant is indebted to you in the principal amount of $7,185.03 plus accrued interest in the amount of $5,774.47 as of June 12, 2013. Please explain in detail how the accrued interest of $5,774.47 was calculated. Please state the interest rate applied in accruing this interest and the date on which you began to accrue interest to reach this amount.

**Answer:** Plaintiff is only requesting statutory interest from the date of charge-off. Any interest accrued prior to charge-off was assessed by the original creditor. Plaintiff reserves the right to supplement as discovery is ongoing

A copy of Cavalry's Interrogatories and Responses are attached as Exhibit "B."

12. The documents produced by Cavalry included a Bill of Sale from Bank of America dated August 23, 2011.

13. So according to Cavarly, Bank of America charged off Ms. Cavanah's credit card account in the amount of $7,185.03 on September 30, 2009.

14. Also according to Cavalry, the balance due on the debt was still $7,185.03 when Cavalry purchased the debt 23 months later on August 23, 2011.

15. There are 692 days between the date of charge off, September 30, 2009, and June 12, 2013, the date stated as the date of compilation of the accrued interest of $5,774.47 demanded in the complaint.

16. So Cavalry accrued interest on Ms. Cavanah's debt at a rate of $8.34 per day ($5,774.47/692 days), or $3,045.78 per annum ($8.34 x 365 days).

17. This means that Cavalry accrued interest on Ms. Cavanah's debt at annual rate of more than 42% per annum $3,045.78/$7,185.03.

18. Cavalry has no statutory right to charge interest at 42% per annum. Cavalry has no contractual right to charge interest at 42% per annum.

19. Cavalry's discovery responses establish that Bank of America did not accrue any interest on Ms. Cavanah's credit card debt from the date of charge off through the date of sale. That is, Cavalry's discovery's responses establish that the amount due on the debt was the same amount on the date of charge off as it was on the date of sale.

**Claims for Relief: Violation of the Fair Debt Collection Practices Act**

20.     The foregoing acts and omissions of Cavalry SPV I, LLC constitute violations of the FDCPA, including, but not limited to:

      **a.**     Violation of 15 U.S.C. §1692e(2)(A): Cavalry falsely represented the status of the Bank of America credit card debt and the amount owed on the debt by, including but not limited to, (i) adding interest or fees to the debt before it had any legal interest in the debt, *i.e.* between the date of charge off and the date of purchase; and (ii) accruing interest at a usurious rate on the debt the Bank of America credit card debt before it had any legal interest in the debt, *i.e.* between the date of charge off and the date of purchase;

      **b.**     Violation of 15 U.S.C. §1692e(5): Cavalry attempted to take an action that cannot be legally taken by attempting to collect usurious interest on the Bank of America credit card debt for a time in which it had no legal interest in the debt, *i.e.* between the date of charge off and the date of purchase;

      **c.**     Violation of 15 U.S.C. §1692e(10): Cavalry falsely represented the status of the Bank of America credit card debt and the amount owed on the debt by, including but not limited to, (i) adding interest or fees to the debt before it had any legal interest in the debt, *i.e.* between the date of charge off and the date of purchase; and (ii) accruing interest at a usurious rate on the debt the Bank of America credit card debt before it had any legal interest in the debt, *i.e.* between the date of charge off and the date of purchase; and

      **d.**     Violation of 15 U.S.C. § 1692f(1): Cavalry attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to attempting to collect usurious interest and/or fees on the Bank of America credit card debt before it had any legal interest in the debt, *i.e.* between the date of charge off and the date of purchase.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Martha Cavanah requests that the Court grant the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff statutory damages;

3. Award Plaintiff reasonable attorney's fees and costs; and

4. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyclc.com